## ATKINSON *v.* ATKINSON.

The husband, without the coöperation of the wife, may convey the entire property in which the right of homestead exists, subject to that right; and the purchaser, under such conveyance of the husband alone, will hold the estate, subject to the assignment of a homestead of the value of $500 therefrom, whenever properly demanded by the party entitled thereto.

Where the husband, in his life-time, conveys the real estate occupied by himself and wife as a family homestead, the wife not joining in the deed, after .his death, the widow, although out of possession, is entitled to claim and have assigned to her therefrom a homestead of the value of $500, which will vest in her as a conditional estate for life; its continuance depending upon the condition subsequent, that she continue to occupy it as her homestead.

Petition for partition against the tenant of such real estate is a proper proceeding by such widow, whereby to obtain an assignment of her homestead therefrom.

PETITION FOR PARTITION. The petitioner, of Boscawen, in this county, alleged that she was the widow of Isaac Atkinson, late of said Boscawen, who died on the 27th day of January, 1858; that she was married to said Isaac on the 26th day of January, 1834, and lived with him as his wife from that time until the 16th day of February, 1857, upon a farm in said Boscawen, particularly described,

which farm was owned by said Isaac until about the 29th day of March, 1855, and was occupied by herself and said Isaac as a family homestead; that on the 16th day of February, 1857, she was compelled by the ill treatment of said Isaac to abandon him and said homestead, and at the June term, 1857, of this court, she filed therein her libel, for a divorce from the bonds of matrimony between herself and said Isaac, on the ground of extreme cruelty by him towards herself, therein asking for such portion of the real and personal estate of said Isaac, to be decreed to her as alimony, as this court might deem just and proper; that during the pendency of said libel said Isaac died, on the 27th day of January, 1858, as before stated; that after his death she desired to occupy said farm, or a portion thereof, as a homestead, agreeably to the provisions of the statute, but was prevented and hindered from such occupancy and enjoyment thereof by the petitionee, who was in possession and occupancy of the whole of said farm, claiming to hold and own the same by virtue of a deed thereof from said Isaac alone, made and executed on or about the 29th day of March, 1855; that no release or waiver of any homestead right in said farm was ever made by said Isaac and herself, in the manner prescribed by statute, to the petitionee or any other person; that she was desirous of holding and occupying her homestead right in said farm in severalty; wherefore she prayed that partition of said farm might be made between herself and the petitionee, and her homestead right therein be assigned and set out to her, to hold and enjoy the same in severalty.

At this term the counsel for the petitionee filed a motion to dismiss the petition, in the nature of a general demurrer thereto.

*H. E. Perkins,* for the petitionee.

*Pike & Barnard,* for the petitioner.

FOWLER, J. Most of the questions arising in this case have already and quite recently been considered, and distinctly determined by this court.

The allegations of the petition being regarded as admitted, for the purposes of the motion to dismiss, it appears that the petitioner's husband, for more than twenty years after their intermarriage, and more than three years after the homestead act took effect, owned and occupied as his family home the farm in which the petitioner now claims and asks to have assigned to her a homestead, as the same is secured to her by the provisions of that act. The petitionee holds the premises, and resists her claim and petition, by virtue of a deed of that farm to himself, made and executed by the husband alone, without the co-operation of his wife. Such a deed could only convey the property to the petitionee, subject to the inchoate right of homestead, as it existed in the husband and wife during his life, and in his widow and minor children, if any, after his decease. Upon the death of the husband, after this conveyance, the widow became entitled to demand from, and to have assigned to her, by the tenant of the premises, a homestead of the value of $500, to hold to her own use as a conditional estate for life; its continuance depending upon her continuing to occupy it as a homestead. *Gunnison* v. *Twitchel & als.*, Sullivan, Jan. T., 1859; *Fletcher* v. *State Capital Bank, ante,* 369; *Norris* v. *Moulton,* 34 34 N. H. 392.

The rights of the petitioner were in no way impaired by the circumstance that she was compelled by ill treatment to abandon her husband and sue for a divorce. They are legally in no respect different from what they would have been had her husband conveyed the property, as he did, while their cohabitation continued, and they had subsequently removed together from the premises, and he had afterwards died. While he lived she continued his wife, notwithstanding the separation, and upon his death she

became his widow, and as such as fully and completely entitled to all her just rights as though she had been properly and kindly treated by him while living.

Nor can we see any sufficient objection to the present form of proceeding by the widow. Although the homestead right is not technically an estate in the land, but only an inchoate right thereto, we think that, after the death of the husband, the widow may be properly regarded as having or holding such an interest in the property in which her right of homestead exists; that she may rightfully proceed to perfect that right, and have her interest set out to her in the mode prescribed by the 206th chapter of the Revised Statutes. While she could undoubtedly maintain a bill in equity to secure an assignment to herself of her share in the premises, we are of opinion that she may also resort to the simpler and more familiar mode of obtaining partition, by a petition therefor to this court.

As, in our judgment, under the circumstances stated in her petition, the petitioner is entitled to a homestead in the premises therein described, of the value prescribed by the statute, and the present proceeding is a proper one whereby to obtain an assignment thereof to her separate use in severalty, the motion to dismiss must be denied.

*Motion to dismiss denied.*